■  ANNE FALKENSTEIN et al., Respondents, v. JERRY HEYMAN, Defendant, and BERNARD PALLEY et al., Doing Business as OZONE PARK RAMBLER, Appellants.— Order, entered on May 11, 1960, denying the defendants-appellants' motion for an order striking this action from the Trial Calendar, unanimously reversed on the law and on the facts, with $20 costs and disbursements to the appellants and motion to strike the action from the calendar granted, with $10 costs. The complaint alleged and demanded a recovery of $10,000 as damages for the alleged personal injuries of plaintiff Anne Falkenstein. Thereafter, on claim of said plaintiff of the alleged very serious nature of her injuries, not known at time of commencement of action, and on March 29, 1960, the court granted a motion by said plaintiff to amend the complaint, including the *ad damnum* clause, so as to increase the amount of damages claimed by her from $10,000 to $150,000. Thereafter, plaintiffs served an amended complaint to allege and demand the increased damages, and thereupon the parties stipulated that the answer, demand for bill of particulars and the bill of particulars originally served stand as applicable to the complaint as amended. Later and on April 20, 1960, the plaintiffs served by mail a note of issue and statement of readiness to place the cause on the Jury Calendar. On the same day (April 20, 1960), however, the defendants had served a notice to examine the plaintiffs, and, thereupon, the motion now before the court was made by defendants to strike the action from the calendar. Under the circumstances, upon the amendment of the complaint to allege and demand the substantially increased damages in favor of plaintiff Anne Falkenstein, the defendants, not having had a pretrial examination of plaintiffs, were entitled to a further opportunity therefor. Thus, at time of service of the note of issue, all proper preliminary proceedings had not been completed, and the action was not ready for trial. Consequently, it was an abuse of discretion for Special Term to deny defendants' motion, timely made, to strike the cause from the calendar. (Statement of Readiness Rule of this court, subds. 5, 6; *Price* v. *Brody*, 7 A D 2d 204.) Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.

■  GEORGE N. KAYE, Respondent, v. TIMELY CLOTHES, INC., Appellant.— Order entered on November 22, 1960, striking certain paragraphs of the answer as irrelevant and prejudicial, unanimously modified, on the law and in the exercise of discretion, to the extent of granting leave to defendant to replead the allegations contained in paragraph 7 in an amended answer in terms of ultimate facts, and otherwise affirmed, with $20 costs and disbursements to respondent. The allegations of control and domination of the board of directors by plaintiff, while properly stricken as conclusory, might prove relevant and material upon the trial of the action if pleaded appropriately. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.

■  MICHAEL R. SCHLANGER v. TAMARA COWAN et al.— Motion for a stay denied, with $10 costs. Concur — Valente, J. P., McNally, Stevens, Eager and Steuer, JJ.

■  (A) THE PEOPLE OF THE STATE OF NEW YORK v. BENNIE McMULLEN. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ. (B) THE PEOPLE OF THE STATE OF NEW YORK v. WILLIAM HOWELL. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.— [In each action] Motion for leave to reargue denied.